Timothy C. JAMES, Plaintiff–
Appellant,

v.

FEDERAL EXPRESS
CORPORATION, Defendant–Appellee.

No. 14–3857.

United States Court of Appeals,
Sixth Circuit.

Jan. 22, 2016.

Before: COLE, Chief Judge; SILER
and GRIFFIN, Circuit Judges.

## ORDER

Timothy C. James, an Ohio resident proceeding pro se, appeals the district court's judgment in favor of his former employer on his discrimination claims brought under Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act ("GINA"), and the Age Discrimination in Employment Act. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

James, an African–American man over the age of forty, sued Federal Express Corporation ("FedEx"), alleging that he was fired based on his age and race. FedEx maintains that James was fired for violating its Acceptable Conduct Policy by having a recurrent pattern of falsification.

James was disciplined in September 2010, when FedEx issued James a warning letter because he had "knowingly changed" his electronic time card, violating FedEx's Acceptable Conduct Policy. James did not challenge FedEx's determination.

James was fired in April 2012 after falsifying records of priority deliveries. FedEx requires priority packages to be delivered by 10:30 a.m. Powerpads are used by FedEx couriers to capture real-time package-tracking information. On April 2, 2012, a FedEx operations manager sent James a message at 10:05 a.m. through his Powerpad, stating that records showed that James still had twenty-two priority packages to deliver. James stated that he delivered all of the packages by 10:30 a.m.

The operations manager reviewed James's delivery records, which indicated that, after receiving the message, James delivered packages to seven different customers in over a 10.96 mile area within a five-minute period, and that he had simultaneously delivered two packages at addresses one mile apart. FedEx conducted an investigation and questioned James. The operations manager test-drove James's area and concluded that it would take at least twenty-eight minutes to cover the 10.96 mile portion that James purportedly drove in five minutes. FedEx determined that James purposely falsified his proof-of-delivery scans to comply with the 10:30 a.m. deadline. James was fired as a result.

James filed a discriminatory discharge claim with the Equal Employment Opportunity Commission and was given a right-to-sue letter. James filed a complaint in the district court. On FedEx's motion, the district court dismissed James's ADA and GINA claims because they were not administratively exhausted, but held that James's complaint sufficiently alleged age and race discrimination. FedEx moved

for summary judgment and presented a declaration from its human resources advisor, stating that from January 1, 2008, to June 5, 2014, FedEx fired seventeen employees for falsification, including thirteen white employees and seven who were under the age of forty. During his deposition, James maintained that a similarly situated white employee, who had claimed to have delivered to two hundred stops within one day—a task that James contends was "humanly impossible"—was not fired for falsification.

The district court granted FedEx's motion for summary judgment, concluding that James had not presented evidence that similarly situated non-protected employees were treated more favorably or that FedEx's reason for his termination was a pretext. James appeals, arguing that he did not change his time card in 2010, that he timely delivered his assigned priority packages on April 2, 2012, and that the district court did not consider an errata sheet that corrected his deposition answers.

We review a grant of summary judgment de novo. *White v. Detroit Edison Co.*, 472 F.3d 420, 424 (6th Cir.2006). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a). The moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Martin Cty. Coal Corp. v. Universal Underwriters Ins. Co.*, 727 F.3d 589, 593 (6th Cir.2013).

A prima facie case of race or age discrimination requires James to show that (1) he is a member of a protected class, (2) he was qualified for the position, (3) there was an adverse employment action, and (4) he was replaced by someone outside of the protected class or treated differently than non-protected employees. *See Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 589 (6th Cir.2014). If James establishes a prima facie case, the burden shifts to FedEx to offer a legitimate, nondiscriminatory reason for its adverse action. *See id.* at 590. James then has the burden of rebutting FedEx's reason and showing that it was a pretext for discrimination. *See id.*

James has satisfied the first three elements of his prima facie cases of race and age discrimination, but he has not presented any evidence that he was treated differently than non-protected employees. Regarding his age-discrimination claim, James does not offer any evidence that he was treated less favorably than a younger, non-protected employee. Thus, James has not made out a prima facie case of age discrimination.

With regard to his race-discrimination claim, James alleges that a white employee falsified his delivery records and was not fired. But James, whose testimony regarding this employee's actions was not based on personal knowledge, has not presented any competent evidence that the employee falsified his records or engaged in misconduct of "comparable seriousness." *See Hollins v. Atl. Co.*, 188 F.3d 652, 660 (6th Cir.1999). Further, FedEx presented evidence that non-protected employees were fired for falsifying company records. In any event, James has not offered any evidence to rebut FedEx's legitimate, nondiscriminatory reason for his termination by showing that a "discriminatory reason more likely motivated the employer or by an indirect showing that the employer's explanation is not credible." *See Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 342–43 (6th Cir.1997). Thus, the district court properly granted summary judgment to FedEx on James's age and race discrimination claims.

Accordingly, the district court's judgment is **AFFIRMED**.